UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

STEPHANIE SHAW     PLAINTIFF

v.     CIVIL ACTION NO. 3:07-CV-245-S

NCO FINANCIAL SERVICES, INC.     DEFENDANT

## MEMORANDUM OPINION

This matter is before the court upon motion of the defendant NCO Financial Systems, Inc. ("NCO"), to dismiss the claims filed against it by the plaintiff, Stephanie Shaw ("Shaw"), pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction over the subject matter and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## BACKGROUND

In February 2006, Shaw filed a lawsuit against NCO, a third party debt collector, for alleged violations of the Fair Debt Collection Practices Act (FDCPA). At issue in the prior lawsuit was a $496.25 debt allegedly owed by Shaw to Capital One. The alleged debt had been assigned to NCO for collection. In the prior lawsuit, Shaw alleged that NCO's conduct in connection with its efforts to collect the debt violated her rights under the FDCPA. Shaw and NCO settled the prior lawsuit by entering into a "Settlement Agreement" in June 2006.

Shaw has now filed this action, alleging that in December 2006, after entering into the Settlement Agreement, she was contacted by a different entity, not NCO, demanding that she pay the same debt which was at issue in the prior lawsuit. Shaw alleges that under the terms of the Settlement Agreement NCO was obligated to absolve her of the debt, and that NCO has failed to do

so, even after her repeated demands. As such, she claims that in negotiating the Settlement Agreement, NCO violated her rights under the FDCPA by making false, deceptive, and misleading representations regarding the debt. She also claims that NCO's failure to absolve her of the debt constitutes a breach of the Settlement Agreement.

## DISCUSSION

When faced with a motion to dismiss under Fed.R.Civ.P. 12(b)(6) the court must take the allegations of the complaint as true and grant dismissal only when the plaintiff's complaint fails to contain facts sufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Weisbarth v. Geauga Park Dist.*, No. 06-4189, 2007 WL 2403659, *3 (6th Cir. Aug. 24, 2007).

Where a defendant challenges subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing jurisdiction. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). Such a motion to dismiss may either attack the claim of jurisdiction on its face or the factual basis of jurisdiction. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). When a 12(b)(1) motion attacks the face of a complaint, the allegations in the complaint must be taken as true and construed in a light most favorable to the plaintiff. *Id.* The plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996). A federal claim is substantial so long as it is non-frivolous. *Id.*

### I. FDCPA Claims

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It provides for a private cause of action and civil remedy to

consumer debtors victimized by debt collectors who employ, *inter alia,* "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Therefore, a threshold requirement for the application of the FDCPA is that these representations or means are used in an attempt to collect a debt. *See Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227, 232 (3rd Cir. 2005); *Mabe v. G.C. Services Ltd.*, 32 F.3d 86, 87-88 (4th Cir. 1994). The term "debt" is defined in the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Clearly, NCO was acting as a "debt collector" when it contacted Shaw for purposes of collecting the debt assigned to it by Capital One. Those contacts led to Shaw's prior lawsuit, which was founded on her allegations that NCO's practices in connection with the collection of this debt were in violation of the FDCPA. Because that lawsuit was settled when the parties entered into the Settlement Agreement, those contacts are not at issue.

Shaw's FDCPA claims in her current lawsuit are based on the allegedly false, deceptive, and misleading representations made by NCO during the negotiation of the Settlement Agreement. Shaw alleges that under the terms of the Settlement Agreement, NCO was obligated to satisfy the debt owed by Shaw to Capital One. She alleges that NCO did not in fact satisfy this debt, because after entering into the Settlement Agreement she was contacted by another entity demanding

payment of the same debt. After this contact, Shaw alleges she informed NCO and requested them to satisfy the debt, which they refused to do. Shaw therefore contends that the representations made by NCO during the settlement negotiations as to the post-settlement legal status of the debt, and her post-settlement liability for the debt were false, deceptive, and misleading in violation of the FDCPA.[1] NCO contends that the allegedly false, deceptive, and misleading representations were never made in its capacity as a "debt collector" or "in connection with the collection of a debt." Rather, NCO argues that at the time of the alleged representations, it was attempting to simply negotiate the settlement of the FDCPA claims alleged by Shaw in her prior lawsuit. NCO contends that the court should dismiss Shaw's FDCPA claims on the basis that her current lawsuit is nothing more than a breach of settlement claim.

While the court agrees with NCO's contention that a difference exists between negotiating the settlement of Shaw's prior FDCPA lawsuit, and negotiating the settlement of a debt as a "debt collector," construing the allegations in Shaw's complaint in a light most favorable to her, it appears that NCO did both. Although, the Settlement Agreement obligated NCO to pay Shaw in exchange

---

[1] Shaw specifically relies on the following provisions for her FDCPA claims:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
>
>   (2) The false representation of -
>       (A) the character, amount, or legal status of any debt;
> . . .
>
>   (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
> . . .

15 U.S.C. § 1692e

for her dismissal of the prior lawsuit, the language of the Settlement Agreement also states that NCO agreed to "release [Shaw] from any and all liability concerning the debt at issue in the Lawsuit." This language arguably establishes that in addition to settling the lawsuit, the Settlement Agreement also settled Shaw's debt.

That the negotiation to settle the debt occurred in the context of the negotiation to settle the prior lawsuit, even though the prior lawsuit was initiated by Shaw, does not alter the fact that a negotiation to settle a debt occurs "in connection with the collection of a debt." If, in connection with the negotiation to settle the debt, NCO made false, deceptive, or misleading representations, NCO would have violated the FDCPA. As such, the court finds that Shaw has sufficiently stated claims for violation of the FDCPA. Furthermore, such claims are not frivolous and are sufficiently substantial to establish subject matter jurisdiction.

## II. Breach of Settlement Agreement Claim

NCO also urges the court to dismiss Shaw's claim for breach of the Settlement Agreement for failure to state a claim. Shaw alleges that in failing to absolve her of the alleged debt, NCO breached the Settlement Agreement. The relevant portion of the Settlement Agreement, as set forth in Shaw's complaint states:

> NCO agrees to pay Claimant [Shaw] a total of . . . and contemporaneously release Claimant from any and all liability concerning the debt at issue in the Lawsuit and any counterclaims that could have been asserted in the Lawsuit.

Notwithstanding NCO's contention that the Settlement Agreement contemplates releasing Shaw from any and all liability with respect to the debt only as to NCO, it is clear that Shaw has stated a plausible claim for breach of the Settlement Agreement.

For the reasons set forth above, NCO's motion to dismiss is denied. A separate order will be entered herein this date in accordance with this opinion.